## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

**BRIAN MICHAEL WATERMAN,**

> **Plaintiff,**

> v.                                                      **CASE NO. 24-3159-JWL**

**CHEROKEE COUNTY, KANSAS,**
**BOARD OF COMMISSIONERS, et al.,**

> **Defendants.**

### MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff, Brian Michael Waterman, who is in custody at the Cherokee County Jail in Columbus, Kansas ("CCJ"), brings this pro se civil rights case.  Plaintiff has filed a motion for leave to proceed in forma pauperis (Doc. 2).  Plaintiff is ordered to either submit the $405.00 filing fee or to show good cause, in writing to the undersigned, why the three strikes provision of 28 U.S.C. § 1915(g) should not apply.

Plaintiff filed his Complaint on September 13, 2024.  Plaintiff alleges in his Complaint that he entered the CCJ on June 13, 2024, with a torn right shoulder and it took a week to be seen by medical, and he did not see the orthopedic doctor until August 9, 2024.  (Doc. 1, at 4.) Plaintiff alleges that after a month, he has still not received physical therapy.  *Id*.  Plaintiff also alleges that the CCJ has no air conditioning and leaky roofs.  *Id*.  Plaintiff alleges that he slipped and twisted his back and did not receive an MRI, a neurologist appointment, or ice packs.  *Id*. Plaintiff alleges that although he twisted his back on Friday, August 20, 2024, he did not see the RN until the following Tuesday.  *Id*. at 6.

Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g).  Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . ,

brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[1] Accordingly, he may proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury. *Id*.

"To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'" *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. May 23, 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted). "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'" *Id*. (citation omitted).

The Court has examined the Complaint and finds no showing of imminent danger of serious physical injury. *See Shaw v. Toole*, 2015 WL 4756741, at *2–3 (S.D. Ga. 2015) (finding plaintiff failed to set forth any specific, non-conclusory allegation indicating he was suffering from imminent danger where plaintiff asserted that he continued to be denied physical therapy and that his "condition was worsening and pains"); *Hartley v. Ellis*, 2009 WL 2634208, at *4 (N.D. Fla. 2009) (finding no showing of imminent danger where "plaintiff's allegations of a self-

---

[1] Prior to filing the instant complaint, the Court finds at least three prior civil actions filed by Plaintiff that qualify as "strikes" under § 1915(g). *See In re Brian Michael Waterman*, Case No. 21-3049, Doc. 010110507615, at 2 (10th Cir. April 14, 2021) (finding that Waterman failed to present even a colorable claim to mandamus relief and dismissal of his petition as frivolous counts as a strike for purposes of the three-strikes provision in 28 U.S.C. § 1915(g)); *Waterman v. Crawford County Jail*, Case No. 18-3035-SAC, Doc. 28 (D. Kan. June 4, 2018) (dismissing for failure to state a claim); *Waterman v. Tippie*, Case No. 18-3295-JTM-GEB, Doc. 22 (D. Kan. July 8, 2019) (dismissing for failure to state a claim).

diagnosed condition of 'severe gross nerve damage' requiring pain medication and physical therapy through recreational privileges are unsupported"); *White v. State of Colo.*, 157 F.3d 1226, 1231–32 (10th Cir. 1998) (concluding that plaintiff "failed to raise a credible allegation that he is in imminent danger of serious physical harm" where plaintiff did not specify "even the general nature of his 'serious physical injury' ").

Accordingly, pursuant to § 1915(g) Plaintiff may not proceed in forma pauperis in this civil action.  Plaintiff is given time to pay the full $405.00 district court filing fee[2] to the Court or to show good cause why the three strikes provision of 28 U.S.C. § 1915(g) should not apply. Failure to respond within the prescribed time will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **October 28, 2024,** to submit the $405.00 filing fee or to show good cause, in writing to the undersigned, why the three strikes provision of 28 U.S.C. § 1915(g) should not apply.  The failure to respond by the deadline will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS SO ORDERED**.

**Dated September 27, 2024, in Kansas City, Kansas.**

**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**

---

[2] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $55.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.